REASONABLE DOUBT.—In order to sustain the defense of insanity, the evidence should be clear and substantial. Walker v. People, 1 N. Y. Cr. 27. And, if there is upon the whole evidence in the case any reasonable doubt, the accused is entitled to the benefit of that doubt and to an acquittal. Id.

EFFECT OF COMMISSIONER'S REPORT.—The report of the com-missioners under sections 636 to 662 of Criminal Code will not prevent the ac-cused from having the question as to sanity passed upon by a jury on the trial of the indictment. People v. Haight, 13 Abb. N. C. 198.

See People v. Haight, 3 N.Y. Cr. 61; People v. Rhinelander, 2 Id. 340.

## Court of Appeals.

### October 23, 1894.

## PEOPLE v. BENJAMIN S. VAN ZILE.

### (62 St. Rep. 357; 143 N. Y. 368.)

1 .EVIDENCE—FORCE.
> Suspicion cannot give probative force to testimony, which in itself is insufficient to establish, or to justify, an inference or a particular fact.

2. SAME.
> Proof of one offense cannot aid in establishing another, which is not only not proved, but as to which there is no affirmative evidence from which a legal inference can be drawn.

3. TRIAL—CHARGE—CRIMINAL CASES.
> Where an indictment for abortion contained two counts—one charging the commission of the offense by the use of instruments, and the other, by administering a drug or medicine—and there is no evidence that one of the means charged had been used, the defend-ant is entitled to have the jury so instructed upon request, and a general verdict of guilty will not render the error of a refusal harmless.

Appeal from judgment of the court of oyer and terminer of Kings county, entered upon a verdict, which convicted the defend-ant of the crime of abortion.

The facts, so far as material, are stated in the opinion.

James and Thomas H. Troy, for appellant.

James W. Ridgway and John F. Clark, for respondent.

ANDREWS, Ch. J.—The defendant was indicted for the crime of abortion as defined by section 294 of the Penal Code. The indictment contains two counts. The first charges the use of the instruments by the defendant upon the body of one Lillie M. Cook, with intent to produce a miscarriage, and he is charged in the second count with prescribing and causing to be administered to her a certain medicine, drug or substance, with the same intent. The case was submitted to the jury under both counts, who rendered a general verdict of guilty. The court in its charge instructed the jury in substaince that if they should find that the defendant either used an instrument for the purpose with the intent charged, or prescribed for, or gave drugs to the person named, with the same intent, he could be convicted. The counsel for the defendant on the conclusion of the charge asked the judge to charge certain propositions which he had submitted, among others that "there was no evidence before the jury of what transpired in Dr. Van Zile's house on the 8th day of November, 1889, except what is furnished by the testimony of Dr. Van Zile himself, and that so far as that testimony is concerned, he utterly disproved that any criminal operation was performed or attempted at that time." The judge declined to charge other than as follows: "There is no direct evidence of what took place there except his statement. That is the only direct evidence of what occurred and as to that you (the jury) are not compelled to accept all of his statement. You may believe such as commands credit at your hands and reject such as you discredit." The defendant's counsel excepted to the refusal of the judge to charge as requested and to what he charged on that point. The counsel further requested the judge to charge that "there is no evidence to justify a finding that any criminal operation was performed or attempted by Van Zile on that occasion." This request was also refused and an exception was taken.

We think the requests to charge so made were improperly refused, for the reason that there was no evidence which justified a submission to the jury of the guilt of the defendant under the first count in the indictment, charging the use of instruments to

produce a miscarriage.　For the proper understanding of this point, a brief reference to the circumstances shown is necessary. So for as appears, the first connection of Dr. Van Zile with the case was an application made to him on or about the 8th day of November, 1889, by a young man named Terrell, who stated to the defendant in substance that it was thought he had a young woman in trouble, but he did not believe it, and he then asked the defendant if he would make an examination to ascertain the fact, and how much the defendant would charge for making it. The defendant said he would make the examination, and that his charge would be $25.　The young man Terrell, in company with a young woman, who was a saleswoman in a store, went to the defendant's office on the evening of Nov. 8th, 1889.　The only evidence of what there occurred is contained in the testimony of the defendant.　Terrell was in prison and was not examined on the trial, and the girl was dead, she having died at her mother's house on the 25th of December thereafter.　Van Zile testified in substance that on that occasion he examined the girl for the purpose of ascertaining whether she was pregnant; that he used a speculum and sponged the parts with a soft sponge to aid him in making his observations, but not disturbing the cervix of the womb, or doing anything tending to produce an abortion; that a few minutes only were occupied in the examination; that he ascertained that the girl had advanced a month or two in her pregnancy, and so told Terrell, and advised him to marry her.　This was all the evidence in the case of what occurred on that occasion. It appeared from the examination of medical witnesses that an instrument called a tent sponge is sometimes used to produce a miscarriage, which , being introduced into the opening or neck of the womb, will gradually absorb the substance which collects there in case of pregnancy, operating as a barrier against premature delivery.　But there is no evidence that the defendant had or used a tent sponge, and he positively testified that he did not use one on that occasion, but only a soft sponge for the purpose of washing the parts.　The evidence of this transaction, as given by the defendant, the only witness who spoke upon the subject, did

not tend to sustain a charge of using instruments to produce an abortion.

The judge correctly stated that the jury could believe or disbelieve the defendant's narration, or believe part and reject the rest. But if the whole had been rejected there would have been no evidence whatever of what was done on the evening in question or even that any examination was made. If the entire evidence is credited it shows no criminal act, and if part only was believed, the same result follows, because the statements, neither separately nor together, show or tend to show a violation of the statute. The jury had no right upon mere conjecture to assume or find that the defendant had withheld something, or that he used instruments not shown to have been used, or that he falsely denied such use. Nor was there any proof of injury to the person of the girl disclosed on the autopsy, which would justify an inference that force had been used on this occasion. On the contrary, the great preponderance of evidence is that in case of the use of instruments miscarriage results within a short time thereafter.

Evidence was given tending to support the second count in the indictment, charging the prescription by the defendant of drugs for the purpose and with the intent charged. This was denied by the defendant on oath. The claim on the part of the prosecution was, that on or about the 11th of November, the defendant, at the request of Terrell, prescribed and had put up an abortive compound to be used by the girl. The coupling of the latter evidence with the former may give rise to grave suspicion that the defendant did not state the whole truth as to the transaction on the evening of November 8th. But suspicion cannot give probative force to testimony which in itself is insufficient to establish, or to justify an inference of a particular fact, and proof of one offense cannot aid in establishing another, which other is not only not proved, but as to which there is no affirmative evidence from which a legal inference can be drawn.

It is claimed, on the part of the People, that the jury having found the defendant guilty on both counts, and there being legal proof to sustain the conviction on the second count, charging the

prescription of drugs, the evidence submittting the question of the use of instruments was harmless. This claim cannot be supported. It does not follow that the defendant was not prejudiced in respect to the charge of prescribing drugs by the ruling of the court that there was evidence to sustain the charge of the use of instruments for the same purpose. The evidence as to one specification might be regarded by the jury as having additional weight, because of the ruling that there was competent evidence to sustain the other. The principle that where there are several counts, some of which are good, each founded upon the same transaction, but varying in some detail to meet the proof which may be offered, and there is a general verdict of guilty on all the counts, the conviction will not be reversed because of a defective count, has been frequently declared. See Real v. People, 42 N. Y. 270; Phelps v. People, 72 id. 365. But this principle has no application here. There was no defective count. The offense was properly charged in both counts. The means charged in the counts were distinct. Whether they could have been properly charged in one count need not be considered. But if there was no evidence that one of the means charged had been used, the defendant was entitled to have the jury so instructed.

The judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.