THE STATE OF IOWA, Appellee, v. MARION W. ROCHE, Appellant.

Perjury: WAIVER OF OBJECTION TO JURISDICTION TO ADMINISTER OATH.
1 An information before a justice charging the carrying of concealed weapons, which is defective because omitting the words " on his person," may be amended by adding the same; and a defendant, by going to trial without raising the objection and falsely testifying as a witness, cannot rely on the defective character of the information to exculpate him from a charge of perjury.

Perjury: INDICTMENT: SUFFICIENCY. An indictment for perjury
2 which sufficiently puts in issue the truthfulness of so much of the alleged false testimony as the court permits the jury to pass upon is sufficient, although it fails to traverse several other matters which defendant is charged to have stated under oath.

*Appeal from Union District Court.*— HON. H. M. TOWNER,
Judge.

MONDAY, FEBRUARY 17, 1908.

INDICTMENT for perjury.   The defendant, having been
adjudged guilty as charged, appeals.— *Affirmed.*

*D. W. Higbee,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas. W. Lyon,*
Assistant Attorney-General, for the State.

WEAVER, J.— On December 18, 1906, information was
filed before a justice of the peace of Union county, Iowa,
charging the defendant herein with the crime of carrying
concealed weapons in said county, in that said defendant
did carry a concealed weapon, a revolver, contrary to the
statute in such case made and provided.   On this informa-
tion the defendant was arrested and brought to trial before
said magistrate, and in the course of said trial was examined
as a witness in his own behalf.   Thereafter the grand jury of
said county returned an indictment charging the defendant
with having committed perjury in the giving of his testi-
mony in the above mentioned proceeding.   The indictment
alleges in a formal manner that, upon the hearing before the
magistrate, said defendant was duly sworn by A. B. Banford,
justice of the peace, then and there having lawful power and
authority to administer the said oath, to speak the truth con-
cerning the matters and crime charged against him, and that
said defendant, being duly sworn, falsely, willfully, cor-
ruptly, and feloniously did depose and swear in substance
and effect to the following:   " I did not have a revolver on
the 18th day of December, 1906.   I did not draw or flourish
a gun or revolver on the 18th day of December, 1906.   I
have never owned a revolver in Creston, Iowa.   I flourished

a brass key around in the face of the crowd there. I did not flourish a gun or revolver." The truth of this testimony the indictment traverses in the following manner: " Whereas, in truth and in fact, the said Marion W. Roche did produce a gun or revolver, a more particular description of which is to the grand jury unknown, and did flourish it around in the presence of a large crowd of people, and did draw and produce a gun or revolver, and did have and hold a revolver or gun so as aforesaid, and was guilty so as aforesaid of carrying concealed weapons, as he, the said Marion W. Roche, then and there well knew that he, the said Marion W. Roche, did have and was carrying concealed weapons so as aforesaid, which facts and matters and happenings relative thereto he well knew, which said matters so sworn to before A. B. Banford, justice of the peace as aforesaid, and at said trial by him, the said Marion W. Roche, was material matter and material testimony about a material thing in the trial — then going on in the manner and form as alleged in reference to the charge of carrying concealed weapons so as aforesaid." Having been convicted upon trial under this indictment, the defendant appeals to this court for a reversal of the judgment against him.

Numerous errors are assigned, but substantially all the questions thus raised turn upon two propositions presented in the briefs of counsel. It is contended for the appellant that the information upon which he was arrested and tried before the justice of the peace did not charge a crime or offense against the laws of the State, in that the statute under which said prosecution was begun prohibits the carrying of concealed weapons upon the person of the accused, while the information omits the words " upon the person," and therefore fails to charge any violation of the statute. Upon this assumption as a premise it is insisted that the justice had no jurisdiction to administer the oath to the defendant, or to proceed to try him upon the charge contained

1. PERJURY: waiver of objection to jurisdiction to administer oath.

in the information, and that the giving of false testimony or the making of false statements under an oath so administered without authority is not perjury. This same question was before us in *State v. Brown,* 128 Iowa, 24, and *State v. Perry,* 117 Iowa, 463. In each of these cases we held that an information filed before a justice of the peace may be amended, and that a defendant who goes to trial without objecting to the form and sufficiency of the information, and, being sworn as a witness, gives false testimony therein concerning a material matter in controversy, cannot rely upon the defective character of the information to exculpate him from the charge of perjury. The case now before us is in this respect governed by the precedents to which we have referred, and we are disposed to adhere to the rule there laid down.

It is further contended that the indictment is insufficient, in that it fails to traverse or to specifically put in issue the truthfulness of the several matters which the defendant is

2. PERJURY: indictment: sufficiency.

charged to have stated under oath. It is conceded by the State that the indictment does not sufficiently traverse that part of the alleged testimony in which the defendant is said to have sworn: " I have never owned a revolver while in Creston, Iowa. I flourished a brass key around in the face of the crowd there." The trial court, recognizing this omission, instructed the jury that the only statements of the defendant proper for consideration were the words: " I did not have a revolver on the 18th day of December, 1906," and " I did not draw or flourish a revolver on the 18th day of December, 1906." We find nothing here of which the appellant can justly complain. In our judgment the indictment did sufficiently put in issue the truthfulness of so much of the alleged statements as the trial court permitted the jury to pass upon . It is true that in these statements the pleader did not repeat the date " on the 18th day of December, 1906 "; but we think such repetition was unnecessary. The charge as made clearly and fully ap-

prises the defendant of the nature of the crime with which he is charged and of the essential facts constituting such offense; and, such being the case, the exceptions to the indictment cannot be sustained.

The appellant seems to have had a fair trial; and, no prejudicial error appearing, the judgment of the district court is *affirmed.*