(159 App. Div. 61.)

## PEOPLE v. VAN ZILE.

(Supreme Court, Appellate Division, Second Department. November 14, 1913.)

1. WITNESSES (§ 337*)—IMPEACHMENT—CONVICTION OF CRIME.

A proof of a judgment of conviction of the lower court which was reversed on appeal is inadmissible for purposes of impeachment, where accused testified that he had never been convicted of crime.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1113, 1129–1132, 1140–1142, 1146–1148; Dec. Dig. § 337.*]

2. WITNESSES (§ 356*)—IMPEACHMENT—REPUTATION.

Where witnesses were called to impeach accused by proof that they would not believe him on oath, they can only testify to their opinion founded upon his general reputation and not upon their personal knowledge.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1157–1160; Dec. Dig. § 356.*]

3. PERJURY (§ 32*)—BRIBING WITNESSES—EVIDENCE—ADMISSIBILITY.

In a prosecution for attempting to bribe a witness, evidence that accused was charged with manslaughter in criminal proceedings pending in the magistrate's court, and that in those proceedings he attempted to bribe a medical witness, is admissible; but evidence relating especially to the crime with which accused was then charged should not be received.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 108–116; Dec. Dig. § 32.*]

Appeal from Kings County Court.

Benjamin S. Van Zile was convicted of an attempt to bribe a witness, and, from orders denying a new trial and in arrest of judgment, he appeals. Reversed and remanded.

See, also, 80 Misc. Rep. 329, 141 N. Y. Supp. 168.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Charles E. Le Barbier, of New York City, for appellant.

Edward A. Freshman, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Hersey Egginton, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

RICH, J. This appeal is from a judgment convicting the defendant of the crime of attempting to bribe a witness.

The indictment charges the crime of attempting to bribe a witness, in violation of section 2440 of the Penal Law (Consol. Laws 1909, c. 40), and alleges:

"That on the 9th day of January, 1913, in the county of Kings, there was pending and awaiting examination before the city magistrate, a certain criminal proceeding, in the Seventh District Magistrate's Court, Second Division of the City of New York, in which the said defendant, Benjamin S. Van Zile,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was charged with the crime of manslaughter in the first degree; that on said 9th day of January, 1913, there was also pending an inquisition before the coroner of Kings county to inquire into the cause of the death of one Margaret Harms; that one Charles E. Rynd was about to be a witness on said inquisition before said coroner, and had been duly subpœnaed to appear as a witness to testify at said inquisition by the coroner; that said Charles E. Rynd was also a witness in behalf of the people in said criminal proceeding in the Seventh District Magistrate's Court, and was about to be called as a witness to testify at said examination by the magistrate; that on said day, and prior to the said coroner's inquisition, and prior to said examination by the magistrate, the said Benjamin S. Van Zile did offer to give and promise to give to the said Charles E. Rynd a certain bribe, to wit, a valuable gold watch and gold chain upon the understanding and agreement that the testimony of the said Charles E. Rynd to be given on said examination before the magistrate in said criminal proceeding, and to be given at said coroner's inquisition, should be thereby influenced, and that said Charles E. Rynd, as such witness, should give false testimony as a witness, both at said coroner's inquisition and on the examination before the magistrate, against the form of the statute," etc.

Without considering all of the questions involved in this appeal, we are agreed that the judgment must be reversed because of errors in the admission of evidence.

[1] Upon the trial the defendant was asked whether he had ever been convicted of a crime, and answered, "No, sir." The district attorney on the cross-examination of the witness was permitted to show, over defendant's objection and exception, that many years ago, upon trial for abortion, he was found guilty and sentenced to a term in prison. The judgment of conviction was subsequently reversed. People v. Van Zile, 143 N. Y. 368, 38 N. E. 380. There was no conviction against the defendant. The word "conviction" means a legal, and not an illegal, conviction, and it was prejudicial error to permit proof of defendant's illegal and wrongful conviction of the crime of abortion. The error was not cured by the charge, for the learned trial court allowed the jury to consider the invalid judgment of conviction against the credibility of the witness, although such judgment was a nullity, and refused to charge the defendant's request "that in law a conviction, when set aside by the highest court, is no longer a conviction."

[2] The people called two witnesses in an effort to impeach the defendant. After testimony that they had heard people talk about Dr. Van Zile and that they knew what his general moral reputation was, each was asked:

"Q. Now, from what you know his general moral reputation to be, and from what you have heard people say about him, would you believe him under oath?"

An objection was interposed as incompetent, immaterial, and irrelevant. The objections were overruled, exceptions taken, and the witnesses answered that they would not. These questions were founded, in part at least, upon the personal knowledge of the witnesses, and to that extent were objectionable. The questions should have been limited to the knowledge of the witnesses from the speech of people; in other words, to the reputation of the defendant from the speech of people, whom the witnesses had heard discuss the same, and should

have excluded their personal knowledge, not based upon such information. The exceptions present error.

[3] The people were entitled to prove that criminal proceedings were pending in a Magistrate's Court, in which the defendant was charged with the crime of manslaughter in the first degree, and that an inquisition was pending before the coroner of Kings county to inquire into the cause of the death of Margaret Harms, in each of which proceedings Dr. Rynd was to be called as a witness, but was not entitled to introduce in evidence the affidavits and preliminary papers upon which these proceedings were founded. This was permitted over defendant's objections and exceptions. The people thus placed before the jury statements claimed to have been made by the deceased to Dr. Rynd and his examination and diagnosis of her case, to the effect that her death was the result of an abortion performed upon her by the defendant. This evidence was necessarily prejudicial to the defendant, and, as the defendant conceded all that the people were entitled to prove in that respect, the evidence should have been excluded. I do not think that this error was cured by the charge of the court.

Our attention is directed to other alleged errors, but as those pointed out require reversal, and the alleged errors referred to will not probably occur upon a new trial, I do not regard it necessary to consider them.

The judgment of conviction of the County Court of Kings County, and order denying a new trial, reversed, and a new trial ordered. All concur.