## STATE v. HERMAN LISS.[1]

January 30, 1920.

No. 21,465.

**Bribery of witness — verdict supported.**

1. The verdict finding defendant guilty of giving money to a witness for the purpose of influencing his testimony at the trial of one Ettenberg charged with the crime of arson is sustained by the evidence.

**Indictment in another case admissible against accused.**

2. The indictment against Ettenberg was admissible in evidence, although the indorsements thereon had not been set forth in the indictment against defendant.

**Court minutes admissible in evidence.**

3. The court did not err in receiving in evidence the court minutes in the Ettenberg case, for the purpose of showing that that case had been tried, the result of such trial not being disclosed to the jury.

**Testimony of witness to be bribed as to facts of the other case.**

4. The witness, sought to be bribed, was properly permitted to state the facts relating to the Ettenberg case of which he had personal knowledge for the purpose of showing that his testimony was material in that case.

**Defendant's testimony in other case admissible as an admission.**

5. The testimony which defendant gave at the Ettenberg trial was admissible against him in this case as an admission.

**Evidence inadmissible.**

6. Testimony as to matters not shown to be connected with the case on trial or with the Ettenberg case was properly excluded.

**Impeachment of witness.**

7. A witness cannot be impeached by contradicting answers relating to irrelevant matters given on cross-examination.

**Defendant's belief in truths of testimony not a defense.**

8. The court correctly instructed the jury that the offense consisted in giving a bribe to the witness with intent to influence the witness not to give the facts as the witness knew them, and that defendant's belief in

[1]Reported in 176 N. W. 51.

the truth of the statement, which, by the payment of money, he was influencing the witness to make, was not a defense.

**Scathing argument of prosecuting attorney is not necessarily misconduct.**
9. The record discloses no misconduct on the part of the court or of the prosecuting attorney.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of offering a bribe to a person about to be called as a witness, tried in the district court for that county before Hale, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Ernest S. Cary and A. M. Cary,* for appellant.

*Clifford L. Hilton,* Attorney General, *John E. Palmer,* Assistant Attorney General, and *William M. Nash,* County Attorney, for respondent.

TAYLOR, C.

Defendant was convicted of the crime of bribery and appealed from an order denying a new trial.

On February 21, 1918, a clothing store conducted by Meyer Ettenberg in a leased building at No. 22 Hennepin avenue in the city of Minneapolis was burned and Ettenberg thereafter collected the insurance on his stock. On June 23, 1918, a clothing store conducted by Ettenberg in a leased building at No. 308 Nicollet avenue in the same city was burned, and Ettenberg sought to collect the insurance on this stock. On November 12, 1918, the grand jury returned two indictments against Ettenberg for arson, one charging that he had set fire to the building at No. 22 Hennepin avenue, the other charging that he had set fire to the building at No. 308 Nicollet avenue. His clerk, one David Grodnick, confessed that he had been hired by Ettenberg to set fire to the building at No. 308 Nicollet avenue, and that, at Ettenberg's direction, he had set the fire at a time when Ettenberg was absent in Chicago, and further confessed that he had helped Ettenberg set the fire which burned the building at No. 22 Hennepin avenue. Grodnick testified as a witness before the grand jury and was to be a witness at the trial. Defendant Liss, at the instance of Ettenberg's attorney, sought out Grodnick and had several interviews with him in an attempt to procure from him a

written statement under oath which would exonerate Ettenberg from any connection with the setting of the fires. Having arranged with Grodnick to make such a statement on being paid therefor, Liss obtained $1,000 from Ettenberg's attorney, met Grodnick by appointment at the Dyckman Hotel on December 3, 1918, the day preceding the date set for the trial of Ettenberg on the charge of burning the building at No. 308 Nicollet avenue, and gave Grodnick $500. As soon as the money had been passed, both were arrested by officers from the fire marshal's department. The payment of this $500 to influence the testimony of Grodnick at the trial of Ettenberg is the charge upon which Liss was convicted.

At the trial Liss testified that he had obtained $1,000 from Ettenberg's attorney, and that he gave $500 to Grodnick on Grodnick's promise to sign and swear to a written statement to the effect that he, Grodnick, had stolen merchandise from the store and had set the building on fire to conceal his thefts, and that Ettenberg had had nothing to do with either fire. He stated that he had been informed that this was the fact, and that he sought to get the statement from Grodnick in the belief that it was true. Grodnick testified that Liss had promised him $2,500; that when they met at the Dyckman Hotel Liss gave him $500 and promised to give him another $500 as soon as he signed the written statement, and further promised that he should receive the balance of the $2,500 as soon as he had testified at the trial, if he told the story which they wanted him to tell.

The evidence is ample to sustain the conviction, but defendant contends that errors occurred at the trial which entitle him to a new trial.

We find no merit in defendant's contention that the indictment against Ettenberg should not have been received in evidence. This contention seems to be based on the fact that the indorsements on the back of the Ettenberg indictment, to the effect that it had been returned in open court and filed therein on November 12, 1918, was not set forth in the indictment against Liss. The indictment against Liss set forth the indictment against Ettenberg in full, and alleged that it had been duly found and returned by the grand jury. This was sufficient to render the document admissible without setting forth the indorsement.

Defendant contends that the verdict in the Ettenberg case was improperly received in evidence. The assumption that the verdict was re-

ceived in evidence is not entirely accurate. The minutes of the court, showing the return of the verdict, were received in evidence for the sole purpose of showing that the Ettenberg trial had been held and concluded, but the verdict was not read to the jury nor its contents disclosed to them. We find no error in admitting the record for the purpose stated.

Defendant contends that the court erred in permitting Grodnick to testify as to the manner in which the two fires were set and as to his conversations with Ettenberg concerning them. This testimony disclosed the knowledge which Grodnick had concerning the fires and Ettenberg's connection with them, and further disclosed that such testimony would be material and very important at Ettenberg's trial for arson. We are of opinion that it was properly admitted, and are also of opinion that there was no prejudicial error in receiving in evidence the proofs of loss which Grodnick testified that he and Ettenberg had prepared and presented to the insurance companies. Neither this testimony nor these proofs tended to show that Liss had been guilty of any crime other than that for which he was on trial, for no claim was made that he was in any way connected with these fires or knew anything about them.

The case of People v. Van Zile, 159 App. Div. 61, 144 N. Y. Supp. 287, on which defendant relies, is not in point. In that case Van Zile was tried, for attempting to bribe a witness who was about to testify at an examination before a magistrate, in which Van Zile was accused of manslaughter, and who was also about to testify at an inquisition conducted by the coroner, for the purpose of determining the cause of the death of the deceased. Van Zile was accused of both crimes, and it was held that statements of third parties, made at the examination before the magistrate and at the inquisition before the coroner, which tended to show that he was guilty of the crime of manslaughter, were improperly received at his trial for the crime of bribery.

In People v. Fong Ching, 78 Cal. 169, 20 Pac. 396, also cited by defendant, the court, after reversing the case on another ground, said that the trial court allowed the prosecution to go too far in showing that the defendant, in the case in which the bribery occurred, had resisted arrest and attempted to shoot the arresting officer.

We find no error in receiving in evidence as an admission of defendant the testimony which he had given at the trial of Ettenberg for arson,

State v. Newman, 127 Minn. 445, 149 N. W. 945; People v. Northey, 77 Cal. 618, 19 Pac. 865, 20 Pac. 129.

We also find no error in excluding testimony to the effect that one Willis had taken some goods to a room occupied by him about the time of the fire. There was no competent evidence connecting Grodnick with these goods or showing that they had been removed from Ettenberg's store. State v. Yates, 99 Minn. 461, 109 N. W. 1070.

After Grodnick had been on the witness stand for a day or two, but before his testimony was completed, he wired for $50 to one Sharpe in Chicago. Defendant brought out this fact on subsequent cross-examination, and claimed that Grodnick asked for this money as a consideration for his testimony. On defendant's promise to connect Sharpe with the case or with the insurance companies interested in it, the court admitted the telegram in evidence, and, for the purpose of laying a foundation for impeachment, Grodnick was asked:

"Did you tell Banks at that time that if Sharpe didn't send you money, the money that was wired him for, that you would make a real confession or you might make a real confession; or that you would throw them down in the damned dirty work?"

Grodnick denied making any such statements. Defendant produced a detective whom he had employed to watch Grodnick and who testified that he had overheard the conversation between Grodnick and Banks, and that Grodnick had made such statements in substance. Defendant failed to show that Sharpe had any connection with the case or with the insurance companies, and also failed to show that he sent any money to Grodnick. After it appeared that defendant was unable to connect this transaction with the case on trial, the court struck out this telegram and the testimony of the detective, on the ground that such evidence was incompetent and not admissible for the purpose of impeachment.

Defendant insists that this ruling was error. Defendant had failed to connect this matter with the case on trial or show that the statements related to the case on trial, and the evidence stricken out merely contradicted Grodnick's answers on cross-examination relating to an outside and irrelevant issue. It is well settled that answers relating to irrevelant or immaterial matters, drawn out on cross-examination, cannot be contradicted either to show the fact or for the purpose of impeachment as

145 M.—4.

this would involve the trial of collateral issues and becloud the real issue. 3 Dunnell, Minn. Dig. § 10348d; Campbell v. Aarstad, 124 Minn. 284, 144 N. W. 956; State v. Kasper, 140 Minn. 259, 167 N. W. 1035.

Defendant assigns as error misconduct of the prosecuting attorney "in his statements to the jury during his argument," but nowhere points out the statements of which he complains. At the trial he made no objection whatever to any part of the argument. In his brief he merely states that the "whole argument seethed vituperation and bitterness and was, as we claim, a gross violation of the rights of the defendant and highly prejudicial." This is all that is stated concerning the alleged misconduct. The argument covers 47 printed pages of the record, and we are unable to single out any particular statements as those of which defendant complains. The argument was vigorous, sometimes scathing, and presented the case of the prosecution in an unusually forceful and effective manner, but it was confined closely to the evidence and the proceedings at the trial, and we fail to find anything of which defendant can justly complain or which would justify a reversal.

Defendant contends that the court erred in instructing the jury:

"Neither is it material, nor is it a defense, that the defendant Liss may have honestly believed that he was, by the payment of the five hundred dollars, influencing Grodnick to give what he, Liss, believed to be a truthful statement of the matters involved in the Ettenberg case. The offense consists in corruptly giving a bribe to the witness with the intent on the part of the defendant Liss to influence the witness Grodnick not to give the true version of the facts as the facts may really have been known to him, Grodnick."

Liss had no personal knowledge of the facts. Liss knew that Grodnick had full knowledge of the facts and had embodied his version of them in a statement to the officials, and had testified to them before the grand jury. Notwithstanding this, Liss admitted giving Grodnick $500 to induce him to make and swear to a statement contradicting his previous statement, and, at the trial, urged in justification that from information received from others, he, Liss, believed the statement which he sought to obtain to be true. Although he claims that he was merely trying to induce Grodnick to tell the truth, he insisted that Grodnick should make the statement which he, Liss, dictated, and did not leave Grodnick free

to make a truthful statement of the facts as he, Grodnick, knew them. The offense consisted in the payment of money for the purpose of influencing Grodnick's testimony. If Liss intended to influence his testimony by this means, it did not matter whether Liss believed such testimony to be true or false. Rex v. Silverman, 17 Ontario Law Rep. 248. We think the matters brought out at the trial called for such an instruction as the court gave, and we find no error in it.

Defendant also complains of the conduct of the court during the trial. The record, instead of disclosing misconduct on the part of the court, discloses that he was more than patient in the face of irritating misconduct persisted in by defendant's attorney, perhaps with no more worthy an object than that of provoking the court into some inadvertent error.

We find no other matters requiring special mention and the order appealed from is affirmed.