STATE OF IOWA, Appellee, v. LETHA BENNETT WYKERT, Appellant.

**SUBORNATION OF PERJURY:** Evidence—Sufficiency. Evidence
1 held to support a verdict of guilty in a prosecution for subornation of perjury.

**SUBORNATION OF PERJURY:** Evidence—Introduction of Testimony
2 in former Action. On the trial of an indictment for subornation of perjury, wherein the accused is charged with the felonious procurement of false testimony tending to prove an alibi on behalf of one charged with burglary, the State may prove the *date* when it was claimed (in the trial of the burglary charge) that the burglary was committed, by causing the shorthand reporter to read from his official notes the testimony of witnesses at the burglary trial bearing on said *date.*

**SUBORNATION OF PERJURY:** Aiders and Abettors. Those who
3 feloniously *aid and abet* another in procuring false testimony are equally guilty with those who directly procure such testimony.

**SUBORNATION OF PERJURY:** Indictment—Sufficiency. Indictment
4 held sufficient.

*Appeal from Fremont District Court.*—E. B. WOODRUFF, Judge.

JUNE 24, 1924.

DEFENDANT was convicted of the crime of subornation of perjury.—*Affirmed.*

*R. F. Hickman,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *H. B. Porterfield,* County Attorney, for appellee.

FAVILLE, J.—I.  The son of appellant, one Lee Bennett, was tried in the district court of Fremont County for the crime of burglary.  Upon the trial of that case, a party purporting to

1. SUBORNATION OF PERJURY: evidence: sufficiency.

be one C. J. Moore was a witness in behalf of the defendant.  In the instant case, the appellant is charged with subornation of perjury in connection with the testimony of said Moore in the action against Lee Bennett.  Appellant contends that the evidence is insufficient to support a conviction.  It is unnecessary that we review it in detail.

The State contended, and offered evidence to show, that, at or about the time of the trial of Lee Bennett, appellant telephoned to one Hensley, who resided at St. Joseph, Missouri, asking Hensley to come to Hamburg, where appellant and her son resided, and telling him that she would wire him a ticket.  It appears that Lee Bennett later telephoned to Hensley, and that evening went to St. Joseph and arranged with Hensley to go to Sidney, where court was in session, and testify in the case of the State against said Lee Bennett.  It appears from the evidence that Bennett furnished Hensley with a statement of the matters he wished Hensley to testify to, written on a telegraph blank.  He also furnished him with a considerable amount of liquor, which Hensley drank.  Hensley accompanied Bennett to Hamburg, and subsequently went to Sidney and testified in the Bennett case.  There is evidence to the effect that, when Hensley and Bennett arrived at Hamburg from St. Joseph, appellant asked Bennett if Hensley knew what to say, and Bennett informed her that Hensley had a paper in his pocket.

Hensley's testimony in the case against Bennett was to the effect that his name was C. J. Moore, and that he was in Louisiana, Missouri, on the day it was charged the burglary for which Bennett was on trial was committed, and that he saw Bennett in Louisiana, Missouri, at said time. In other words, the testimony of Hensley in the Bennett case, if true, would have established a complete alibi for the defendant in that action.

After the trial of Bennett, the parties went to Hamburg, and Hensley was given a check for $10, with which he bought his railroad ticket to return to St. Joseph. The check was signed by appellant's name. There is evidence that the bank refused payment on the check, on account of doubt as to the genuineness of the signature. The evidence tends to show that the appellant did not sign the check, but that a daughter-in-law, since deceased, signed appellant's name to it. It seems that, after the bank refused to pay the check, appellant ratified it, and the check was paid and charged to her account at the bank.

It also appears that, after the trial of Bennett, appellant went to the office of the attorney who had defended him, and informed the attorney that the man who had testified by the name of C. J. Moore was, in fact, Hensley. It also appears that Hensley had boarded with appellant at Hamburg, at a time prior to the transactions in question.

We have read the record with care. Much of the evidence is in dispute. The contention rests largely on the evidence of Hensley, who is a confessed perjurer. We have not attempted to set out all of the evidence, but we are constrained to hold that the State presented a case for the consideration of the jury, and that the evidence has such substantial support in the record that we would not be warranted in interfering therewith.

II. Over the objection of appellant, the court permitted the official shorthand reporter to read from his shorthand notes the evidence of certain witnesses who testified upon the trial of the case of State v. Lee Bennett. The testimony of appellant as given on said trial was so read, after proper foundation had been laid therefor, and over appellant's objection. The court also permitted the shorthand reporter to read the testimony of other

2. SUBORNATION OF PERJURY: evidence: introduction of testimony in former action.

witnesses with regard to the fact of the commission of the burglary, and particularly the date when the same was committed.

Appellant was on trial in this action for subornation of perjury. It was incumbent upon the State to establish that the testimony of Hensley was, in fact, perjured testimony,—that is, that Hensley had testified in a judicial proceeding, or in due course of justice; that an oath had been administered; the substance of the testimony so given by Hensley; that such testimony was willfully and corruptly false; that said testimony was material to the issue being tried; that this appellant knew or believed that said testimony would be false, and that Hensley would willfully and corruptly so testify falsely; and that appellant induced or procured Hensley to give such false testimony.

It is not seriously contended that there was error in the admission of the testimony of the official shorthand reporter as to the testimony given by Hensley at the former trial.

The more serious question urged by appellant is whether or not it was error for the court, in this proceeding, to permit the official shorthand reporter to read the testimony of other witnesses that was given upon the former trial. This testimony, as previously stated, pertained chiefly to the fact of the time of the burglary. Were this action one in which Hensley was being tried for perjury, there could be no question of the admissibility of the testimony of the official shorthand reporter, not only in regard to what Hensley himself testified to, but also the testimony of other witnesses, when limited to the one question of showing the materiality of the former testimony given by Hensley. This is the rule of the cases. *People v. Lem You,* 97 Cal. 224 (32 Pac. 11); *State v. Vandemark,* 77 Conn. 201 (58 Atl. 715); *People v. Macard,* 109 Mich. 623 (67 N. W. 968); *State v. Camley,* 67 Vt. 322 (31 Atl. 840); *Herndon v. State,* 82 Tex. Cr. 232 (198 S. W. 788); *Hereford v. People,* 197 Ill. 222 (64 N. E. 310); *State v. Liss,* 145 Minn. 45 (176 N. W. 51); 2 Russell on Crimes 662; 3 Greenleaf on Evidence, Section 197.

The question in this case, however, is whether or not, in this prosecution for subornation of perjury, it was error to permit the official shorthand reporter to testify in regard to the

evidence given by witnesses other than this appellant and Hensley, at the trial of the other action, to which this appellant was not a party, and in which she had no opportunity to cross-examine such witnesses.

The question of the time of the commission of the burglary in the case against Lee Bennett became material in said action because of the defense of alibi which was interposed in that case. Ordinarily, the question of time of the commission of an offense in a criminal action is not material, provided the proof shows that the act was committed within the period of limitation; but where the defense of alibi is interposed, the precise date of the commission of the offense becomes very material. This was the situation in the Lee Bennett case. It was, therefore, important in this case for the State to establish the fact that the date upon which the burglary was claimed to have been committed was a material matter in the Bennett trial.

It was proper for the State, upon the trial of this action, to introduce the testimony of the shorthand reporter disclosing the evidence of witnesses upon the former trial respecting the material question in that case, to wit: the date when the offense of burglary was committed. It was admissible for no other purpose, and the ruling of the court clearly indicated that it was received solely for this purpose. It disclosed that the contention of the State was that the crime was committed on a certain date, and that Hensley testified that on that date Bennett was at a distant place. The materiality of the testimony of Hensley was thus shown. This was proper. We find no error at this point.

III. Appellant complains of certain instructions given by the court to the effect that the burden was upon the State to establish beyond a reasonable doubt that appellant did "procure or aid and assist in procuring Hensley to commit such perjury." The point made by appellant is that appellant could not be held liable for subornation of perjury, as charged, by merely aiding or assisting in procuring Hensley to commit perjury.

3. SUBORNATION OF PERJURY: aiders and abettors.

Subornation of perjury consists in procuring or instigat-

ing another to commit the crime of perjury. This is the offense of which appellant is charged in the indictment.

All persons directly concerned in the commission of a public offense, including all those who aid or assist in its commission, are guilty as principals, in this state. Code Section 5299.

The instruction was a correct statement of the law, as applied to the facts of this case. Appellant would be guilty, under this indictment, either for the direct act of procuring Hensley to commit perjury, or for aiding and assisting another in so procuring him to commit perjury. *State v. Hessian,* 58 Iowa 68; *State v. Pugsley,* 75 Iowa 742; *State v. Baldwin,* 79 Iowa 714; *State v. Munchrath,* 78 Iowa 268; *State v. Berger,* 121 Iowa 581. There was no error here.

IV. Appellant challenges the sufficiency of the indictment.

The indictment appears to contain all the essential allegations of an indictment for subornation of perjury. It appears

**4. SUBORNATION OF PERJURY: indictment: sufficiency.**
to comply with the requirements of the statute, and to contain the essential averments in a case of this character. It appears to conform to the rules laid down by this court in *State v. Gallaugher,* 123 Iowa 378; *State v. Brown,* 128 Iowa 24; *State v. Cunningham,* 66 Iowa 94; *State v. Loos,* 145 Iowa 170; *State v. Roche,* 137 Iowa 387.

We find no error in the case that requires any interference on our part, and the judgment appealed from must be, and it is,—*Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.