Van Voorhis, J.
(dissenting). After having been admitted to the Bar and practiced law for 27 years, respondent was convicted of grand larceny in June, 1948. The judgment of conviction was reversed and a new trial granted by the Appellate Division, Second Department (274 App. Div. 1007). The memorandum decision states that this reversal was due to errors in the charge which “ affected the defendant’s substantial rights under an indictment charging larceny by false pretenses.” No certified or exemplified copy of the judgment *148 of conviction was presented to the Appellate Division, First Department, where defendant resided, pursuant to subdivision 4 of section 90 of the Judiciary Law, until after his conviction had been reversed. To the certified copy which was then presented was attached a certificate of the reversal of this conviction. This emasculated the “ conviction ” and rendered the certificate of conviction a nullity (People ex rel. Sloane v. Lawes, 255 N. Y. 112, 117; People v. Van Zile, 159 App. Div. 61). In consequence, the Appellate Division, First Department, has unanimously confirmed the report of its Referee and dismissed the petition filed by the Association of the Bar of the City of New York. The dismissal was without prejudice, however, so that, regardless of the reversal of the criminal conviction, disciplinary action or disbarment might result if it were to be established by evidence (other than the mere fact of the reversed conviction) that respondent misappropriated the funds which he was charged in the indictment with having taken for his own use.
In the opinion of the Referee, respondent’s name could not be stricken from the roll without an order of the court, and no such order could be made on the basis of respondent’s conviction after the conviction had ceased to exist.
Even if respondent may have become disqualified to practice law without his name being stricken from the roll of attorneys, his right to do so must be restored upon reversal of the conviction if his conviction was the only thing that deprived him of it. The consequence would be otherwise if he had been suspended or disbarred on the basis of facts found by the Appellate Division in a disbarment proceeding on independent evidence, even on testimony paralleling that which was introduced upon the criminal trial. In disbarment proceedings, all that would be necessary would be to establish his guilt by a preponderance of the evidence, not beyond a reasonable doubt. Here, however, the appellant Bar Association contends that his name should be stricken from the roll without any trial in the Appellate Division solely on the basis of a conviction by a jury acting pursuant to an erroneous charge, which has been reversed upon the ground that it adversely affected his substantial rights. His conviction has been annulled as though it had never been. I am aware that subdivision 5 of section 90 of the Judiciary Law states: “ Upon a reversal of the conviction for felony of an attorney and counsellor-at-law, *149 or pardon by the president of the United States or governor of this state, the appellate division shall have power to vacate or modify such order or debarment.”
In Matter of Kaufmann (245 N. Y. 423), in reversing the denial of an application for reinstatement as an attorney and counsellor at law, this court did remit the matter to the Appellate Division to consider whether the petitioner was fit to be restored to practice. The burden of satisfying the court of his fitness was held to be on the attorney. In that case, however, the felony conviction of the attorney had not been reversed but he had been pardoned. There is a difference between a pardon and the reversal of a conviction by a court. Pardon restores civil rights, but does not completely erase the conviction. It does not prevent the conviction being received in evidence, for example, to impeach his credibility if he is later sworn as a witness in court (Baum v. Clause, 5 Hill 196). But a conviction is not received in evidence for that purpose if it has been reversed (People v. Van Zile, 159 App. Div. 61, supra). In considering the question of double jeopardy, this court said that “ if reversal of the judgment of conviction follows, that judgment, as well as the record of the former trial, have been annulled and expunged by the judgment of the appellate court, and they are as though they had never been; while the indictment is left to stand as to the crime, of which the prisoner had been charged and convicted, as though there had been no trial.” (People v. Palmer, 109 N. Y. 413, 419-420.) If one has been sentenced as a second offender before the reversal of the prior conviction, he must be resentenced as of course. “ A reversal on appeal or the granting of a new trial or an acquittal thereafter is the same as if no conviction had ever existed. The law deals with realities and not fictions; it punishes men for what they have done, not for formal entries or paper records not true in fact.” (People ex rel. Sloane v. Lawes, 255 N. Y. 112, 117, supra.)
In People v. Van Zile (159 App. Div. 61, 63, supra), it was said: ‘ ‘ The word ‘ conviction ’ means a legal and not an illegal conviction, and it was prejudicial error to permit proof of defendant’s illegal and wrongful conviction of the crime of abortion. The error was not cured by the charge, for the learned trial court allowed the jury to consider the invalid judgment of conviction against the credibility of the witness, although such *150 judgment was a nullity, and refused to charge the defendant’s request1 That in law a conviction when set aside by the highest court, is no longer a conviction.’ ”
Can it be that the word “ conviction” refers to an illegal conviction if the defendant is a professional man? If the only evidence of professional misconduct is that a lawyer has been illegally convicted of a felony, and the conviction has been reversed so that the situation is ‘ ‘ the same as if no conviction had ever existed ” (People ex rel. Sloane v. Lawes, supra), then subdivision 5 of section 90 of the Judiciary Law is unconstitutional insofar as it means, if it does mean, that the lawyer must assume the burden of disproving his guilt of a crime of which he has not been convicted.
‘ ‘ Although disbarment is not strictly a punishment for crime, but only the withdrawal of a privilege * * * it cannot be denied that the requirement of automatic and irrevocable disbarment for life provided by the Judiciary Law, is in effect a consequence most severe, and partakes of the nature of punishment. Hence, the statute must be interpreted in the light of the fundamental canon that penal statutes must be strictly construed.” (Matter of Donegan, 282 N. Y. 285, 292.) If a reversed conviction is without legal force or effect except where an attorney and counsellor at law is the defendant, this statute would deny the equal protection of the laws.
In its memorandum reversing respondent’s conviction, the Appellate Division, Second Department, did say: “ This court, having considered the questions of fact, affirms the findings of fact implicit in the verdict of the jury.” This statement was made in compliance with section 543-a of the Code of Criminal Procedure which calls upon the Appellate Division to state ‘1 whether its determination is upon the law, or upon the facts, or upon both the law and the facts. ’ ’ This section further provides that “ If the determination is stated to be upon the law alone, the order shall also state whether the findings of fact below have been affirmed or have not been considered. ’ ’ This statement in the order of the intermediate appellate court that the findings of fact below have been affirmed in a criminal ease, simply means that the reversal has been upon the law alone, so that the judgment of conviction based on the jury’s verdict can be reinstated if the court of last resort decides that there was no error of law. This recital in the Appellate Division’s order does not and *151 could never have been intended to mean that the Appellate Division took upon itself to decide that this man was guilty. If that were what occurred, the Appellate Division would have affirmed the conviction under section 542 of the Code of Criminal Procedure instead of reversing and granting a new trial. Only a jury could find him guilty of having committed a felony, but the verdict which convicted him was held to have been the product of an erroneous charge which adversely affected his substantial rights. That is all that was decided on the criminal appeal. Respondent’s conviction thereby became a nullity.
If respondent be convicted upon a retrial of this indictment, his disbarment will follow as of course. If he be not convicted, or the indictment dismissed, nothing in the order appealed from prevents his fitness to practice law from being considered in a new disbarment proceeding, in which the facts themselves are presented for judicial analysis and review. His name should not be stricken from the roll nor should he be subjected to the burden of affirmatively re-establishing his fitness to continue to practice law solely on the basis of a conviction which is null and void. It would be anomalous, indeed, for the courts to hold that where they have reversed a conviction, the defendant is still tainted with guilt. It would be more anomalous to hold that he remains tainted with guilt only if he has been admitted to the Bar. While a lawyer is under indictment for a felony, good taste might dictate that he desist from practice until the indictment has been tried or dismissed; but to no greater extent than any other member of the community should he be presumed to be guilty due to having been indicted, or due to a trial and conviction which have proved to be abortive. He should not be disbarred unless he proves his innocence merely for the reason that he has been accused.
The order appealed from should be affirmed.
Conway, Ch. J., Dye, Fuld and Btjbke, JJ., concur with Desmond, J.; Van Voobhis, J., dissents in an opinion; Fboessel, J., taking no part.
Order reversed, etc.