· THE STATE v. COMSTOCK.

1. **Criminal Law**: INDICTMENT: ACCESSORY. Two or more persons may be charged in an indictment with the commission of a crime, which from its nature could in fact have been committed by but one, those who aid and abet its commission being under the Code chargeable as principals.

2. ———: EVIDENCE: CORROBORATION. Where one indicted for rape was shown to have stated, before the offense became publicly known, that he could under certain circumstances " get clear," this was *held* to be a sufficient corroboration of the statements of the prosecuting witness.

*Appeal from Jones District Court.*

THURSDAY, JUNE 14.

. THE defendant was convicted of rape and sentenced to confinement in the penitentiary for the term of ten years. He

prosecutes his appeal to this court. The facts of the case appear in the opinion.

*I. M. Preston & Son,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

Beck, J.—I. The defendant was jointly indicted with another for the offense of which he was convicted. He moved in arrest

1. CRIMINAL law: indict-ment: acces-sory.

of judgment on the ground that the indictment is bad in that it "charged different persons with the commission of a crime several in its character and not susceptible of being committed jointly." The motion was overruled and this action of the court below is made the ground of an objection here.

All persons who are "present, aiding and abetting at the commission of the fact" are principals in the second degree at common law and may be charged in the indictment as having done the act. And this rule applies to offenses where two could not have committed the act, as in rape. 1 Russell on Crimes, pp. 26, 29.

At common law while the husband cannot be convicted for a rape upon his wife, yet where he assists another to ravish her, he may be tried as an accessory before the fact. Lord Audley's case, 12 Mod., 340, 354.

Our Code provides, that "the distinction between an accessory before the fact and a principal is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, must hereafter be indicted, tried and punished as principals."

This statute removes any doubt that could have existed of the sufficiency of the indictment at common law. The point demands no further consideration.

II. A witness testified concerning a conversation had by him with the person indicted with defendant. It related to the prosecutrix. The witness stated that he understood what was said to him as "a joke." A motion to exclude this testimony was overruled, which is now complained of by defend-

ant. If it be admitted that the testimony should have been excluded, the refusal to do so is without prejudice to defendant. It had no possible relation to defendant and could not have been understood by the jury to have had any bearing upon the question of his guilt. He was not present at the conversation and had no connection whatever with it. If it did tend to fasten guilt, in the minds of the jury, upon the person indicted with defendant, we cannot conclude that it influenced their verdict as to defendant, unless we suppose them utterly destitute of common sense. The guilt of the accused they would of course understand could not be inferred by evidence whose sole tendency was to establish the guilt of another party. Juries have common sense and are able to discriminate in matters of this kind and this courts must recognize.

III. Each of the defendants testified, being tried jointly, that the other was not with him on the night the offense was committed, and there was evidence of the wife and sister-in-law of one, and of the mother and brother of the other showing that the respective defendants were at their homes at the hour fixed by the prosecutrix as the time of the commission of the offense. Two witnesses were introduced to show that on a certain night the accused came together to a store kept by one of these witnesses and purchased eggs. They did not pretend to know that this occurred the night the offense was perpetrated. They said it occurred on a night when there was a meeting in the village, which was held on Wednesday and Saturday nights, but they did not attempt to fix either as the time of the purchase of the eggs. This evidence was introduced in rebuttal of defendants' testimony. Thereupon, the defendants offered to prove that they purchased the eggs on Wednesday night, the crime having been committed on Saturday, as shown by the testimony for the State. The court refused to admit the testimony and we think rightly. The testimony of the witnesses intended to be rebutted by the proposed evidence, amounted to absolutely nothing. No jury possessing common sense would have permitted it to have the least weight. It was therefore unnecessary to meet it in the manner proposed. The court would have done well to have caused it to be stricken

out; but as this was not asked by defendants, no complaint can be heard on that ground.

IV.   It is next insisted that the evidence did not warrant the conviction of the defendant as there was no testimony cor-

2. ——: evi-   roborating the statements made by the prosecutrix
dence: cor-
roboration.     as a witness.   Code, § 4560.   The corroborating evidence required by statute must tend to connect the accused with the commission of the offense.   It is not claimed by defendant that the *corpus delicti* was not sufficiently proved, but it is urged that the evidence fails to connect defendant therewith.   We are of the opinion that testimony is not wanting in this branch of the case.   The morning after the crime was perpetrated, at a time when the injured woman had revealed it to but two persons, to whose house she had fled for safety after the outrage, bearing marks upon her person declaring the crime and its atrocious character—when no other persons were informed thereof, defendant made inquiries of a son of the persons of whom she had sought protection in regard to her declarations about the matter and declared that if he belonged "to the Masons or Elder Davis clique" (these are his words) "he would get clear."   These admissions very satisfactorily connect him with the crime.

V.   We have carefully considered the instructions and all other facts of the record and find nothing which, in our opinion, is in conflict with the law.   The offense committed was not only heinous in its nature, but revoltingly brutal in the circumstances attending its commission.   The evidence sufficiently supports the conclusion of the jury that defendant participated in it.   He richly merits the punishment awarded him by the judgment of the court.

AFFIRMED.