THE STATE OF IOWA, Appellee, v. ED. BERGER, Appellant.

Burglary: AIDING AND ABETTING: INSTRUCTION. Where one is jointly indicted with another for the commission of an alleged offense, he may be convicted of aiding or abetting any other person or persons not named in the indictment.

Burglary: PROOF OF CO-DEFENDANT'S GUILT. Where one is jointly indicted for breaking and entering a railroad car he may be convicted, although it is not shown that his co-defendants participated in the criminal act.

Principal: ACCESSORY. One who is present simply aiding and abetting others in the commission of a crime by standing watch is not an accessory but a principal.

Evidence: PARTICULAR ACTS: CHARACTER: CONVERSATIONS: In a prosecution for burglary, evidence of independent criminal acts or of defendant's general disreputable character, or of conversations with defendant some time prior to the crime charged, is not admissible.

*Appeal from Cerro Gordo District Court.*—HON. J. F. CLYDE, Judge.

THURSDAY, OCTOBER 29, 1903.

THE opinion states the case.—*Reversed.*

*Robinson & Koch* and *Struble & Stiger* for appellant.

*C. W. Mullan,* Attorney General, and *C. A. Van Vleck,* Assistant Attorney General, for the State.

WEAVER, J.—The indictment in the case charges that on the 5th day of February, 1902, in Cerro Gordo county, the defendant Berger and one A. J. Lee feloniously broke and entered a certain freight car belonging to the Chicago, Milwaukee & St. Paul Railway Company. Berger was awarded a separate trial, and, being convicted, appeals. There was no evidence tending to show that appellant himself actually broke or entered the car. The theory of the state is that appellant stood watch or guard upon or near the railway track while two other persons broke the seal, opened the door, and entered the car, at which point in the transaction they were interrupted by a detective in the employ of the company, and, after a struggle with him, all escaped under cover of the darkness; no arrests being made until some hours later. This theory is not without support in the evidence; the detective testifying that he recognized appellant as the man standing watch outside the car, and another witness claiming to have seen him entering the yard at or about that time. If the only question before us was as to the sufficiency of the evidence to support a finding of appellant's guilty connection with the offense, we should have no serious difficulty in affirming the judgment below. But other features of the record require our consideration.

I.   The appellant submitted certain requests for in-
structions to the ·jury, among which was the following:
"No. 8.   You are instructed that there is no evidence in

1. AIDING and     this case showing that the defendant Ed. Ber-
abetting:
instruction.      ger broke and entered the car referred to in
the indictment and the evidence in this case; and unless
you find that he was accessory to or aided and abetted one
A. J. Lee in breaking and entering said car, then you are
instructed that you cannot find the defendant guilty, and
you should acquit him." This request was refused by the
court, and the following given on its own motion. "If
you find from the evidence, and beyond a reasonable
doubt, that at the time and place named in the indictment
the witness A. J. Lee, or any other person or persons, un-
lawfully broke and entered the car in question, and that
said car was then under the charge and control of the
Chicago, Milwaukee & St. Paul Railway Company, and was
sealed, and contained goods and merchandise for transpor-
tation, and that the defendant Berger aided and abetted
such other person or persons in the acts just named here-
in, then the defendant is guilty as charged in the indict-
ment, and you should so find." It is urged by the appel-
lant that, having been jointly indicted with Lee for the
commission of the alleged offense, he cannot be convicted
of aiding and abetting "any other person or persons" not
named in the indictment, and that the instruction given
is therefore erroneous. Our state abolishes the distinction
formerly made between principals and accessories in the
commission of crime.   Code, section 5299.   Under this
statute, it had been held that, where the indictment
charges a defendant with having committed the overt
criminal act, he may be convicted upon proof that his only
connection with the offense was that of an aider or abettor.
*State v. Hessian*, 58 Iowa, 68; *State v. Pugsley*, 75 Iowa, 742;
*State v. Munchrath*, 78 Iowa, 268. And two or more per-
sons may be jointly indicted for a criminal act which is of

such nature that it can be actually committed by but one person. *State v. Comstock*, 46 Iowa, 265. Persons implicated in the commission of a crime may be indicted jointly or severally, and failure to establish the guilt of one of the accused persons does not operate to discharge the others. The appellant in this case is charged with break ing and entering the car, and that fact is sufficiently established, under the authorities cited, if it be shown that he assisted in the act by standing watch while his accomplices or confederates effected the entrance.

Now, does the fact that he is jointly indicted with Lee make it incumbent upon the state to prove the participation of Lee in the criminal act, in order to convict appel-

2. BURGLARY: proof of co-defendant's guilt.

lant? We think not. His guilt is not necessarily dependent upon the guilt of Lee. The state's case tends to show that appellant, with Lee and a third person, who is unidentified, was engaged in the criminal enterprise. It would seem to be a necessary conclusion from our statute and our decisions thereunder that either of the two defendants who are jointly indicted may be convicted upon proof that he himself did the unlawful breaking and entering, or that he aided or abetted his co-defendant in such act, or that, with or without his co-defendant, he aided or abetted the unidentified third person in such act. If the indictment, by specific allegation, charged the defendant with aiding or abetting Lee in the commission of the offense, it may well be conceded that a conviction could not be had upon the evidence that he aided or abetted some other person. But such is not the case here presented. Both defendants are charged as principals, and we see no reason why the case is not governed by the ordinary rule which permits the conviction of either or both if participation in the crime be established by the evidence. In one sense of the word there is no such thing as a "joint" offense, unless, perhaps, it be something in the nature of an unlawful com-

bination or conspiracy.    Persons may act jointly in the commission of crime, but in the eye of the law each is guilty of the offense committed, to which he has contributed, to the same extent as if he were the sole offender. *State v. McClintock*, 8 Iowa, 203.    If this indictment had been procured by the state on the theory and belief that appellant and Lee were the persons who actually broke and entered the car, and were the only persons in any way implicated in that crime, but upon the trial it was developed beyond all doubt that such breaking and entering were in fact done by some person or persons unknown, and that both appellant and Lee participated therein by standing watch outside, no one, we think, would contend that such proof constitutes any variance from the indictment, or entitles either Lee or appellant to an acquittal. If, then, we proceed further, and suppose the evidence entirely fails to connect Lee with the offense in any manner whatever, but does clearly establish appellant's complicity therein, we know of no principle or precedent upon which the latter may demand an acquittal because of the failure to establish the guilt of Lee.    There was no error in the instruction given by the court.

It may properly be observed in this connection that, although appellant may not himself have participated in the actual breaking or entering of the car, yet if he was

3. PRINCIPAL: accessory.    present, aiding or abetting such act by standing watch while others accomplished that criminal proceeding, he is not a mere accessory, even at common law, and any analogy drawn from decisions in respect to the peculiar rules applicable to the prosecution and conviction of accessories is not applicable here.    "An accessory is one who is not the chief actor in a felonious offense, nor present at its performance, but is in some way connected therein, either before or after the act committed."    1 Am. & Eng. Ency. Law (2d Ed.) 257.    Every person who is present at the commission of a crime for the

purpose of assisting in its accomplishment, either by performing the principal felonious act, or by standing watch or by waiting in reserve, ready to render such aid as may be necessary to the success of the common criminal purpose, is a principal, both at common law and under the statute, even though he take no other part in the unlawful transaction.

II.   One McGahn, a witness for the state, was permitted to testify that during his residence in Mason City, appellant did nothing in particular, except to walk the

4. EVIDENCE; particular acts: character: conversations. streets, and that, at some time prior to the date of the alleged crime, appellant made the statement that he (appellant) "had a shipment of whisky coming."   Another witness (one Peebles) was also allowed to state that, two or three months before the breaking of the car described in the indictment, appellant had a satchel in which he carried a bottle of whisky, a glass, some rock candy, and bromo seltzer; that at one time he exhibited a revolver to the witness, and at another showed him an iron about six inches in length, the point of which was broken off; and that appellant "said he had broken it off breaking into a refrigerator car—done it that night."   All this evidence had reference to a time long before the commission of the crime alleged in the indictment, and had no relevancy to the acts constituting that offense.   Its only apparent purpose was to discredit the appellant in advance, and, by showing that he was of vagrant or intemperate or criminal habits, make it easier for the jury to believe him guilty of the offense for which he was on trial.   It should not have been admitted.   We have recently, on several occasions, called attention to the well-established rule that an allegation of crime cannot be established by proof of independent criminal acts, or of his general disreputable character. *State v. Roscum*, 119 Iowa, 330; *State v. Vance*, 119 Iowa, 685; *State v. Rainsbarger*, 71 Iowa, 746; *Boyd v. U. S.,*

142 U. S. 450 (12 Sup. Ct. Rep. 292, 35 L. Ed. 1077); *People v. Jones*, 32 Cal. 80; *People v. Schweitzer*, 23 Mich. 301; *Com. v. Campbell*, 155 Mass. 537 (30 N. E. Rep. 72). The last case cited is quite directly in point, and holds it error to permit proof of conversations with accused tending to show his general criminal character, or the commission of other offenses by him.     These cases announce a familiar principle, the soundness of which is apparent. The temptation is always strong upon a prosecutor to bring to the attention of the jury any blemishes in the record of the person on trial.     It is one, however, which cannot be indulged in with safety or propriety, and should be carefully avoided, save in the few exceptional cases where such evidence is clearly admissible.     The error was undoubtedly prejudicial.

III.     Appellant also alleges error in the ruling of the court permitting counsel for the state to cross-examine defendant upon matters not relevant or called out by the direct examination.     Further complaint is made that the state was allowed to introduce impeaching testimony concerning collateral and immaterial matters.     Without going into details, we will say that, in our judgment, these exceptions are not without foundation; and while we might not be disposed to reverse the judgment below were there no other error in the record we call attention to this feature of the case that the objection may be avoided upon retrial.

For the errors above noted the judgment of the district court is reversed and the cause remanded for a new trial.—REVERSED.