STATE OF IOWA, Appellee, v. EUGENE C. WEEKS, Appellant.

**HOMICIDE:** Murder—Sufficiency of Evidence. Record reviewed, and
1 held to support a verdict of murder in the first degree.

**INDICTMENT AND INFORMATION:** Issues, Proof, and Variance—
2 Principal and Accessory. No variance results from charging the accused as a principal, and establishing the fact that he was an accessory before the fact.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

JUNE 21, 1922.

DEFENDANT appeals from a conviction of the crime of murder in the first degree.—*Affirmed.*

*C. H. Miller,* for appellant.

*Ben J. Gibson,* Attorney General, *A. G. Rippey,* County Attorney, *Vernon Seeburger,* and *James O'Brien,* for appellee.

STEVENS, C. J.—The defendant was indicted and convicted in the court below of the crime of murder in the first degree. The jury recommended, and the court imposed, the extreme penalty. The defendant is now confined in the penitentiary at Fort Madison, awaiting the determination of this appeal. But two propositions are stated or relied upon for reversal: (1) That there was a fatal variance between the proof and the allegations of the indictment; (2) that the verdict is not supported by the evidence.

<span style="margin-left:0">1. HOMICIDE: murder: sufficiency of evidence.</span>

The defendant and one Orrie L. Cross were separately indicted, charged with the murder of George A. Fosdick on the evening of February 5, 1921. Cross entered a plea of guilty, and testified as a witness on behalf of the State upon the trial of appellant. Mr. Fosdick conducted a grocery store at Thirty-second and Forest Avenue, and resided on Ninth Street, in the city of Des Moines. On the evening of February 5th, shortly after 9 o'clock, deceased and his daughter arrived at the garage in which he kept his automobile, and which was situated in the rear and a few lots south of his residence. The daughter drove the car into the garage, and immediately left for the house, leaving deceased to close the garage door. Fosdick, finding the rear door of his residence locked, attempted to pass over a cement sidewalk on the south side of the house to the front door. There is another residence a few feet south of the Fosdick home, and the passageway between them was dark. Fosdick was intercepted at a point between the two houses by two men, one of whom commanded him to hold up his hands. Evidently believing it was his daughter, or some other person seeking to play a joke upon him, according to the testimony of Cross he said, "Go on and quit your fooling," and did not stop. Immediately

he was shot, receiving injuries from which he died, a few hours later. Three shots were fired. The daughter, hearing the shots, ran to her father, whom she saw lying on the ground, with a man bending over him, who was evidently attempting to remove the contents from his pockets. No money was secured. After one of the men shot at the daughter, both ran away.

Appellant and Cross signed separate confessions. The confession of appellant was signed and sworn to by him. Each sought to accuse the other of planning the attempted robbery. They agree that the fatal shot was fired by Cross. Cross testified that Weeks gave him the gun while they were concealed between the two houses, and told him to shoot. Appellant testified in his own behalf, repudiated his alleged confession, denied all knowledge of or complicity in the crime, and sought to account for his whereabouts on the evening in question by testifying to several places visited by him, and otherwise explaining his whereabouts. As the instructions are not set out in appellant's abstract, we assume that the cause was fairly and properly submitted to the jury by the court.

We have examined the record with the care the seriousness of the offense and the consequences of conviction demand, and are abidingly satisfied of the guilt of appellant. The offense was committed in cold blood, and without mitigating circumstances. A more detailed statement and review of the evidence would serve no good purpose.

Appellant was indicted as a principal. The indictment is in the usual form. The distinction between an accessory before the fact and a principal is abrogated in this state, and all persons concerned in the commission of an offense, whether they directly commit the same or aid and abet its commission, may be indicted, tried, and convicted as principals. Section 5299, Code, 1897. This section has been repeatedly interpreted by this court, and the contention of appellant that there was a fatal variance between the proof and the allegations of the indictment is contrary to our prior decisions. *State v. Hessian,* 58 Iowa 68; *State v. Pugsley,* 75 Iowa 742; *State v. Baldwin,* 79 Iowa 714; *State v. Munchrath,* 78 Iowa 268; *State v. Berger,* 121 Iowa

2. INDICTMENT AND INFORMATION: issues, proof, and variance: principal and accessory.

581; *State v. Farris*, 189 Iowa 505; *State v. McCray*, 189 Iowa 1239.

The court is not inclined to depart from the holding of the above cases, which are based upon and are in strict harmony with the statute. The point is made in argument that the testimony of Cross is not corroborated. On the contrary, the corroboration is ample and convincing, and we need not cite the record further. No other questions are raised or suggested by appellant.

We have not limited our investigation to the questions discussed by counsel in their printed argument, but have gone to the record to determine what questions, if any, were raised by counsel in the court below that might warrant further consideration. We find none. It follows that the judgment of the court below is—*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.