STATE OF IOWA, appellee, v. EDWARD AUSTIN POFFENBARGER, appellant.

No. 49206.

(Reported in 87 N.W.2d 441)

JANUARY 14, 1958.

Tacy & Woolsey, of Council Bluffs, for appellant.

Norman A. Erbe, Attorney General, Freeman H. Forrest and Hugh V. Faulkner, Assistant Attorneys General, Ray Hanrahan, County Attorney, and J. P. Denato, Assistant County Attorney, for appellee.

OLIVER, J.—Defendant was indicted for robbery with aggravation as defined in sections 711.1 and 711.2, Code of Iowa, 1954, it being charged he robbed Everett Larson of the Hilltop Super Valu Grocery store, in Des Moines, armed with a dangerous weapon, with intent, if resisted, to kill or maim the said Larson. Trial resulted in his conviction and this appeal.

Mr. Larson managed the grocery. After closing it, at about 9:30 p. m., June 15, 1956, he and two employees were accosted by two men, identified by Larson and the employees as defendant and one Turk. The men pointed pistols at the three and threatened to kill them. At gunpoint Larson was compelled to unlock the store and safe, and approximately two thousand dollars in money was taken by the robbers who then drove away in an automobile.

A few minutes later Des Moines police came upon an automobile answering the description of the car used by the robbers, parked in a private road. Two men occupied the front seat. When the officers challenged the parked car and called out that they were police officers, the car sped away, followed by the police car. The pursuit continued until the fleeing automobile overturned. Defendant ran from the wrecked car under fire of the officers, and was captured, hiding in near-by weeds. The money taken from the store was found in the car. The following morning a bag containing two automatic pistols, with clips and cartridges, was found in the weeds beside the road at the place where the parked automobile started its flight from the police.

I. Section 785.4, Code of Iowa, 1954, provides: "Where there is a reasonable doubt of the degree of the offense of which

the defendant is proven to be guilty, he shall only be convicted of the lower degree."

Defendant assigns as error the failure to so instruct the jury in Instruction No. 5.

Instruction No. 3 explains the presumption of innocence and the requirement that proof of guilt be beyond a reasonable doubt. Instruction No. 4 defines robbery, robbery with aggravation and other terms. Instruction No. 5 states:

"Before you can return a verdict of guilty against the defendant of robbery with aggravation, you must find from the evidence that the State has established beyond a reasonable doubt each one of the following propositions:

"[1, 2, 3, paraphrased] That he stole the money from Larson, by force and violence or by putting Larson in fear, and it belonged to Larson or was in his possession, control or custody.

"4. That the defendant was at the time armed with a dangerous weapon, to wit: a pistol, with intent, if resisted, to maim or kill the said Everett Larson; or that the defendant had at the time a confederate aiding or abetting him in such robbery who was present and so armed.

"If you find the State has failed to prove the offense of robbery with aggravation, as herein instructed, then you will try and determine whether the defendant is guilty beyond a reasonable doubt of the crime of robbery, as herein instructed."

Instruction No. 6 states in part: "Before you can find the defendant guilty of the included offense of robbery, you must find from the evidence that the State has proven beyond a reasonable doubt each one of the following propositions:" (listing the first three of the four propositions set out in Instruction No. 5).

The dangerous-weapon provision of Code section 711.2 is the additional element which distinguishes robbery with aggravation, the higher degree of the offense, from robbery, the lower degree.

■ The effect of the instructions given is that if the jury found defendant had been proven guilty of robbery, as defined in section 711.1, but had a reasonable doubt whether the additional element essential to robbery with aggravation had been proven, defendant should be found guilty of the lower degree

only. Although the instructions do not use the language of section 785.4 they do express its meaning.

In State v. Ellington, 200 Iowa 636, 642, 643, 204 N.W. 307, 310, instructions which less clearly expressed the meaning of the statute, now section 785.4, were approved with the statement:

"We are of the opinion that these instructions sufficiently met the requirements of the statute; that the jury must have understood therefrom that, if they had a reasonable doubt of the degree of the offense proved, they could only convict of the lower degree."

To the same effect is State v. Asbury, 172 Iowa 606, 615, 154 N.W. 915. See also State v. Norton, 227 Iowa 13, 21, 22, 286 N.W. 476, 480, 481; State v. Ingram, 219 Iowa 501, 505, 258 N.W. 186; State v. Butler, 157 Iowa 163, 165, 166, 138 N.W. 383. Defendant cites State v. Poston, 199 Iowa 1073, 203 N.W. 257; State v. Heft, 148 Iowa 617, 127 N.W. 830; State v. Neis, 68 Iowa 469, 27 N.W. 460; State v. Walters, 45 Iowa 389. In none of the cases cited by defendant were the assailed instructions fairly comparable to those in the case at bar. We hold the instructions comply with the requirements of section 785.4 of the Code.

■ II. The other error assigned is to the admission in evidence, over defendant's objections, of Exhibit 8, the bag, with the two automatic pistols, clips and ammunition, found in the weeds beside the road. Defendant contends it was inadmissible because the evidence did not show the pistols belonged to defendant and Turk or were used in the robbery. There was evidence each robber had a pistol, one described as a .38 or .45 pistol, clip type, the other as being light in color. The two pistols in the bag were .38 and .45 automatic or clip type pistols. The bag was found beside the road at the place where the police car surprised and commenced the pursuit of the parked car containing the fruits of the robbery.

It would be natural for the occupants of a car, fleeing from fresh pursuit by officers, to dispose of incriminating evidence. In fact this is not the first case presented to us in which weapons were found beside the road traveled by an automobile closely pursued by police officers. Here there was evidence that when defendant and Turk left the scene of the robbery in the car

they had pistols. Twenty minutes later, when captured, defendant had no pistol. Pistols answering the description of those used in the robbery were found beside the place where the escape car, with two men in the front seat, was first detected by and fled from the police. We are of the opinion the circumstances were sufficient to justify a reasonable inference the pistols found were those used in the robbery.

In State v. Browman, 191 Iowa 608, 627, 628, 182 N.W. 823, 831, a revolver found concealed in an old shack near defendant's home was held admissible. "True, the revolver was not found on the defendant at the time of the arrest, nor seen in his possession, nor in his house after the killing; but we think that, when all the circumstances are considered, the jury were justified in finding that he had such a revolver and used it; * * *. The evidence of the Graves girl, though denied, tends to show that defendant had a .32 pistol before the murder, which, she testifies, resembled Exhibit B."

In State v. Teale, 154 Iowa 677, 683, 684, 135 N.W. 408, a club of the general description of one used in an affray, found some distance away at a point where defendant was shown to have been after the affray, was held admissible as an exhibit.

In State v. La Barre, 210 N.W. 918, not reported in Iowa Reports, a .38 pistol found in a room occupied by others, where defendant was arrested, was held admissible where the others denied its ownership and it was similar in appearance and calibre to one used in the robbery.

State v. Williams, 245 Iowa 494, 505, 62 N.W.2d 742, 748, states: "The trial court has considerable discretion in determining the admissibility of demonstrative evidence but great latitude is shown in admitting it and it is usually received if it affords a basis for a reasonable inference on a point in issue."

The foregoing decisions and rules are supported by the reasoning of various recent cases. State v. Myers, 248 Iowa 44, 79 N.W.2d 382, 387 et seq.; State v. Harless, 249 Iowa 530, 86 N.W.2d 210; State v. Gates, 246 Iowa 344, 350, 351, 67 N.W.2d 579; State v. Bales, 246 Iowa 446, 450, 451, 68 N.W.2d 95.

They are in accord with the general rule as stated in 22 C. J. S., Criminal Law, section 712a, page 1209: "To warrant the admission in evidence of an instrument or weapon as the

one with which the crime was committed, a prima-facie showing of identity and connection with the crime is necessary and sufficient; clear, certain, and positive proof is generally not required."

Defendant relies upon State v. Concord, 172 Iowa 467, 470 to 474, 154 N.W. 763, 765, in which the admission in evidence of a loaded revolver found in a hallway, which looked like one used in a crime just committed in an apartment in the same building was held error because it "was not shown to have been in the possession of the defendant at any time or to have been in his possession when the burglary was committed." This holding does not accord with the rule enunciated in the authorities above cited. Hence, that part of State v. Concord, supra, is overruled.

We hold the admission in evidence of Exhibit 8 was not an abuse of the discretion lodged in the trial court and was correct. —Affirmed.

All JUSTICES concur except SMITH, J., who takes no part.