STATE of Iowa, Appellee,

v.

Clifford Eugene JOHNSON, Appellant.

No. 52774.

Supreme Court of Iowa.

Nov. 12, 1968.

**454**

Gene L. Needles, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and William A. Claerhout, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

Defendant was convicted of robbery with aggravation and appeals from judgment sentencing him to a term of 25 years in the men's reformatory under the provisions of section 711.2, Code of Iowa, 1966.

The prosecution resulted from an armed hold-up of Clark's Filling Station in Des Moines, Iowa, on April 3, 1967. A grand jury indictment charged defendant and one Glen Henry Shiffer jointly with robbing the attendant at said station of $48.37. The indictment included the allegation that Clifford Eugene Johnson and Glen Henry Shiffer were at the time of the robbery armed with a dangerous weapon with intent, if resisted, to kill or maim the person robbed. Although the two men were indicted together, they were tried separately and this appeal involves only the trial of Clifford Eugene Johnson.

The important facts as shown by the record may be summarized briefly. At about 10:00 P.M. on the evening in question Glen Henry Shiffer, wearing a nylon mask and armed with a gun, entered the Clark station and told the attendant, "This is a stick-up, man, give me all your money." Just prior to entering the station he was observed standing at the east side of the building talking with a person later identified as defendant.

The attendant gave Shiffer the money in a money bag and Shiffer immediately left, running along an alley and then east on

College Avenue. The defendant was with him. He was seen to hand both the money bag and the gun to defendant. The two men were immediately pursued by several bystanders and defendant took at least one shot at the pursuers. Later others joined in the pursuit but were discouraged from the chase when defendant pointed the gun at them.

By this time the police were alerted and within a short time defendant was found hiding in a junk yard under a pile of lumber. When apprehended he did not have a gun. The next day a search of the junk yard was made by the police and a gun was found approximately 50 feet from where the defendant had been arrested the night before.

Although defendant alleges four errors, they raise only two issues. He claims, first, the trial court erred in overruling his motion for a directed verdict because the State failed to prove his guilt as charged in the indictment. He also asserts error in the admission of the gun into evidence and, further, that even if admissible the manner in which it came in was prejudicial.

We find no merit in either contention, and we affirm the trial court.

I. Defendant's insistence that he was not proven guilty in the manner charged in the indictment is based on the fact he was not armed at the time of the robbery, contrary to the allegations of the indictment. He argues that, since it was Shiffer, not he, who had the gun, there is a fatal variance between the indictment and the proof.

■ It is well established an indictment need not detail the manner in which an offense is committed, but if it undertakes to do so the proof must establish guilt in substantially the manner alleged. Section 773.11, (formerly 773.10), Code of Iowa, 1966; State v. Haesemeyer, 248 Iowa 154, 160, 79 N.W.2d 755, 758; State v. Hochmuth, 256 Iowa 442, 445, 127 N.W.2d 658, 659.

As we pointed out in State v. Williams, Iowa, 155 N.W.2d 526, 529, there are three separate ways in which robbery with aggravation may be committed under section 711.2, Code of Iowa, 1966. The first of these is by being "armed with a dangerous weapon, with intent, if resisted to kill or maim the person robbed." This is the allegation under attack here, and the one the State must substantially prove in order to be entitled to its verdict against defendant.

Defendant's argument completely disregards the provisions of section 688.1, Code of Iowa, 1966, abrogating the distinction between an accessory before the fact and a principal, and providing that all persons concerned in the commission of a public offense, whether they directly commit the act or aid and abet in its commission, even though not present, must be indicted, tried and punished as principals.

■ We have frequently held the conduct of one accomplice is attributable to all, and we have also held all parties participating in a robbery need not be armed. If one is armed, all are armed. Deemy v. District Court of Dallas County, 215 Iowa 690, 696, 246 N.W. 833, 835. We held in one of our early cases two or more persons may be charged in an indictment with a crime which could in fact have been committed by only one, because those who aid and abet in its commission are chargeable as principals. State v. Comstock, 46 Iowa 265, 266; State v. Smith, 248 Iowa 603, 608, 81 N.W.2d 657, 660; State v. Horrell, Iowa, 151 N.W.2d 526, 529; State v. Williams, Iowa, 155 N.W.2d 526, 528.

■ Here Shiffer and defendant were indicted together as having jointly committed the crime of robbery with aggravation. An allegation that the joint perpetrators of the offense were armed with a dangerous weapon is satisfied by proof that one of them was so armed at the time their confederacy was carried out. State v. Poffenbarger, 249 Iowa 480, 482, 87 N.W.2d 441,

443 lends further support for this view. There two men had held up and robbed at gunpoint a grocery store in Des Moines, Iowa. The indictment charged robbery with aggravation, alleging defendant was armed with a dangerous weapon. There was evidence he was. We approved an instruction which told the jury defendant could be found guilty if he was "at the time armed with a dangerous weapon * *; or *that the defendant had at the time a confederate aiding or abetting him in such robbery who was present and so armed.*" (Emphasis added.) Even though the indictment there, as in the present case, alleged the defendant was armed, this charge is proven if an accomplice is the one who actually holds the gun.

We need not discuss the State's contention that in any event defendant had actual possession of the gun during the escape from the scene of the robbery, a matter which is discussed in 46 Iowa Law Review, page 151. Most jurisdictions, with California as a notable exception, require the aggravation in the commission of the robbery itself and hold that force or fear thereof used only in an escape will not support a charge of robbery with aggravation. We have never squarely decided this question, and we do not do so now, but our statement by way of dictum in State v. Lewis, 173 Iowa 643, 647, 154 N.W. 432, 433, may be of interest on the matter.

We find there was ample evidence to establish the crime was committed substantially as alleged in the indictment. As bearing on this matter see State v. Baldwin, 79 Iowa 714, 718, 45 N.W. 297, 298; State v. Weeks, 193 Iowa 1024, 1026, 188 N.W. 591, 592; State v. Burch, 195 Iowa 427, 433, 192 N.W. 287, 289, 31 A.L.R. 198.

II. Defendant's only other allegation of error concerns the admission of the gun into evidence and the alleged overemphasis of its importance to the jury.

The defendant first claims that there was no foundation which would permit the introduction of the gun at all. We disagree. The evidence is undisputed that a gun was used. It was passed from Shiffer to defendant at the time their escape was made. It was used by defendant at least twice during the course of the escape, once to shoot at a pursuing witness and again to frighten another. It was not in defendant's possession when he was arrested at the junk yard. A search the next day revealed a weapon within a short distance from his hiding place. The weapon found was identified by two witnesses as the gun used in the hold-up. We find this testimony more than adequate foundation. It is not required that a weapon or other instrument be identified positively before its admission can be had. It is only necessary that it be found under circumstances affording a basis for a reasonable inference on a point in issue. State v. Ford, 259 Iowa 744, 749, 145 N.W.2d 638, 641, and citations; State v. Wallace, 259 Iowa 765, 769, 145 N.W.2d 615, 618, and citations; State v. Dillon, Iowa, 161 N.W.2d 738, decided October 15, 1968.

Defendant lays considerable stress on the fact several witnesses first referred to the weapon as a revolver and later identified it as a derringer. This uncertainty was no doubt the subject of cross-examination—and properly so—as to the credibility of the witnesses. It would go to the weight, but not the admissibility, of their testimony.

Defendant further complains the gun was admitted before a proper foundation was laid; that the State was permitted to demonstrate the gun to the jury before it was admitted; that it later was permitted to be reintroduced into evidence after the State had rested and without motion to reopen; and that the court made certain statements which unduly influenced the jury concerning the importance of this exhibit.

We find no merit in any of these contentions. Assuming the gun was

prematurely admitted before a proper foundation was established, we find that ultimately such a foundation was adequately laid. This would cure any possible error which existed at the time of its admission. The same can be said for the demonstration made of the gun before the jury. We have disregarded the fact no objection was made to this procedure. This is also true of the trial court's ruling permitting the State to reintroduce the gun after it had rested. No objection was made to this procedure. However, laying that procedural defect aside, we find no error in this exercise of the trial court's discretion.

■ Nor do we find any error in the trial court's statement concerning the admission of the exhibit. At one point during the controversy about the gun, when defense counsel was urging its rejection because it had been variously described as a revolver and a derringer, the court said, "What's the difference?" Defense counsel attributes great importance to this statement and asserts is must have made an enormous impact upon the jury. We find the comment to be without prejudice. The trial court could, and probably did, mean—as has occurred to us—as long as the weapon was identified as the one used in the robbery it made little difference on the question of admissibility whether it was correctly described as a derringer or incorrectly described as a revolver. Either would qualify as a dangerous weapon. We consider the statement made by the trial court as being a fair and proper one. Certainly it was without prejudice to defendant. 23 C.J.S. Criminal Law § 992, page 1018; State v. Carlson, 224 Iowa 1262, 1267, 276 N.W. 770, 773; State v. Jensen, 245 Iowa 1363, 1369, 66 N.W.2d 480, 483.

■ Defendant cites State v. Slauson, 249 Iowa 755, 762, 88 N.W.2d 806, 810, as authority for his claim that the admission of the gun was erroneous. We do not believe it is in point. In that case there was no claim the gun sought to be introduced was or even could have been used in the commission of the crime. We repeated there our rule that the court has considerable discretion in determining the admissibility of demonstrative evidence. We do not think that discretion was abused here. State v. Williams, 245 Iowa 494, 505, 62 N.W.2d 742, 748; State v. Poffenbarger, 249 Iowa 480, 484, 87 N.W.2d 441, 443.

We find no merit in any of the errors assigned by defendant and the judgment is accordingly affirmed.

Affirmed.

All Justices concur.