STATE of Iowa, Appellee,

v.

John Paul MASTERS, Jr., Appellant.

No. 54865.

Supreme Court of Iowa.

April 13, 1972.

Patrick J. Life, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., and Richard N. Winders, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

This is an appeal from an order holding that defendant, John Paul Masters, Jr., is not entitled to relief under chapter 663A. The Code, 1971, commonly referred to as the Uniform Postconviction Procedure Act. We affirm the trial court.

In 1968 defendant was convicted of robbery without aggravation and was sentenced under the provisions of section 711.3, The Code. Upon appeal the conviction was affirmed. See State v. Masters, 171 N.W. 2d 255 (Iowa 1969).

Defendant then filed an application under the Uniform Postconviction Procedure Act, which was enacted by the Sixty-third General Assembly as chapter 1276 and which became effective July 1, 1970. It has since been before us on at least three occasions. See State v. Mulqueen, 188 N. W.2d 360 (Iowa 1971); State v. Wetzel, 192 N.W.2d 762 (Iowa 1971); and Herman v. Brewer, 193 N.W.2d 540 (Iowa 1972).

I. We immediately encounter a procedural difficulty in considering this matter. It arises from the fact that defendant's appeal was taken pro se, although he was offered the assistance of counsel. (State v. Masters, supra, 171 N.W.2d at page 256). As a result no errors were assigned, no authority was cited and no effort was made to comply with either our rules or those rules of civil procedure which are applicable to appeals in criminal cases. We nevertheless reviewed defendant's conviction under the mandate of section 793.18, The Code, which directs us to "examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands." Having done so, we concluded defendant had a fair trial.

■ On the matter now before us we are limited to those issues not previously considered and ruled on. The Uniform Postconviction Procedure Act does not permit questions once decided to be relitigated. Section 663A.8, The Code; State v. Wetzel, supra, 192 N.W.2d at page 764, and citations; ABA Standards, Post-Conviction Remedies, Approved Draft, sections 6.1 and 6.2, pages 19–22. However, this rule does not apply if the previously decided matter was "inadequately raised." It is doubtful if defendant acting alone and without counsel—albeit that decision was his own—adequately presented any of the issues upon which he now relies. We tacitly said as much in Herman v. Brewer, supra, 193 N. W.2d at page 543.

■ Our general conclusion that defendant had a fair trial is not tantamount to a ruling on the merits of the errors now asserted. We have therefore considered each of the issues raised by him in the application now before us.

Defendant was afforded a full evidentiary hearing, and the trial court made findings which are binding on us if there is substantial evidence to support them. Our review is not de novo. State v. Mulqueen, supra, 188 N.W.2d at page 362 and citations.

■ II: One of defendant's complaints has been so often ruled on that it seems unnecessary to discuss it again. This is the claim that the use of a county attorney's information instead of an indictment is unconstitutional. The answer to this is found in State v. Abodeely, 179 N.W. 2d 347, 355 (Iowa 1970) and Kotek v. Bennett, 255 Iowa 984, 124 N.W.2d 710 (1963). We reiterate what was said there.

■ III. Defendant also insists the information was filed against him while the grand jury was in session, contrary to section 769.2, The Code. However, the record shows the Wapello County grand jury was empaneled on October 21, 1968, and was excused from further duty on October 23, 1968. The information was filed on October 30, 1968. The trial court properly found this assignment to be groundless.

■ IV. Defendant next charges he was accused of robbery with aggravation but was improperly convicted of robbery without aggravation. As we understand this argument, he asserts robbery without aggravation is not an included offense under an information charging robbery with aggravation. He says he was subjected to double jeopardy by the instructions permitting the jury, after finding him not guilty of the greater charge, to nevertheless convict him of the lesser.

There is no merit to this argument. Robbery is defined in section 711.1, The Code.

The punishment is fixed in sections 711.2 and 711.3. Its severity depends on whether the offense was committed while the perpetrator was armed with a dangerous weapon (section 711.2) or not (section 711.3). But the crime in either event is defined by section 711.1; it is only the *degree* which is fixed by the subsequent code sections.

We have held robbery without aggravation is an includable offense under a charge of aggravated robbery. State v. Franklin, 163 N.W.2d 437, 440 (Iowa 1968); State v. Poffenbarger, 249 Iowa 480, 482, 87 N.W.2d 441, 442 (1958); State v. Warneke, 219 Iowa 1239, 1243, 260 N.W. 667, 669 (1935). In fact in most instances it would be reversible error not to submit the lesser offense.

V. The claim upon which defendant most strongly relies is that he was convicted on inadmissible in-court identification. The trial court found otherwise, and there is ample support for this finding. The basis for defendant's argument is that there were illegal lineup procedures by which his identification was established, but this is not the case at all. The witnesses made positive in-court identification from their observation of defendant at the time of the robbery. The question of line-up procedures was brought up only on cross-examination as defendant sought to show the witnesses had previously been unable to identify defendant. This, of course, was entirely proper and might well have destroyed the in-court identification, but it went only to the weight of the testimony. The witnesses had ample opportunity to observe defendant at the scene of the crime and their in-court identification clearly had an independent origin. State v. Wisniewski, 171 N.W.2d 882, 884 (Iowa 1969); State v. Essary, 176 N.W.2d 854, 855 (Iowa 1970).

VI. Defendant's claim he was denied both the right to confront his accusers and to compel the attendance of witnesses at his trial is without support in the record. We agree with the trial court's ruling to that effect.

VII The remaining issue deals with defendant's assertion that he was refused access to available library facilities and could not therefore properly prepare his defense. See Cruz v. Hauck, 404 U.S. 59, 92 S.Ct. 313, 30 L.Ed.2d 217, and authorities there cited. Defendant insists this happened while he was without counsel but from the exhibits before us (including docket entries, defendant's deposition, and transcript of the evidence from defendant's trial) it appears conclusively that his present counsel was appointed at the time of the arraignment and continued to represent him thereafter until a jury verdict was returned. Counsel concedes as much. The trial court properly held against defendant's claim under these facts.

We affirm the order of the trial court.

Affirmed.

All Justices concur.