## IN THE COURT OF APPEALS OF IOWA

No. 15-0556
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DARRON JAVARES PAUL BAYNES,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Paul L. Macek (trial)

and Mary E. Howes (sentencing), Judges.


        The defendant appeals his conviction and sentence for robbery in the first

degree.  **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**


        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Darron Baynes was convicted of robbery in the first degree, in violation of Iowa Code section 711.2 (2013). He challenges the sufficiency of the evidence supporting his conviction. He claims his counsel provided constitutionally deficient representation in failing to move for new trial on the ground the verdict was against the weight of the evidence. Baynes also challenges the legality of his sentence.

We first address the sufficiency of the evidence supporting the robbery conviction. We review challenges to the sufficiency of the evidence for correction of legal error. *See State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We will uphold a verdict if there is substantial evidence to support it. *See id.* "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* But "[e]vidence that raises only suspicion, speculation, or conjecture is not substantial evidence." *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997) (internal quotation marks and citation omitted).

An instruction given without objection is the law of the case for purposes of our review as to the sufficiency of the evidence. *See State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009). In relevant part, the marshaling instruction provided the State was required to prove the following: (1) the defendant, or a

person he aided and abetted, had the specific intent to commit a theft; (2) in carrying out the theft or in escaping from the scene, the defendant, or a person he aided and abetted, assaulted the victims or purposely put the victims in fear of immediate serious injury; and (3) the defendant, or a person he aided and abetted, was armed with a dangerous weapon.

On the night of August 28, 2014, Megan and Jeffery were robbed at gunpoint. The two had gone out together for dinner and a drink. After dinner, they were walking through an alley after purchasing cigarettes from a nearby gas station. Megan and Jeffery were approached by two men, one substantially taller than the other. The taller man, now known to be Baynes, asked for a cigarette, and Jeffery obliged. While stopped, the shorter man came up to the side of Megan and asked her to give him all of her stuff. Megan said no. The shorter man pulled out a gun, put it to her temple, and said, "Give me all your shit, Bitch." The shorter man then ripped her cross-body purse right off of her. While still holding the gun to Megan's head, the shorter man instructed Jeffery to empty his pockets. Jeffery complied, throwing his wallet and cellular phone on the ground. The shorter man then instructed the victims to get on the ground. The robbers gathered the items on the ground and ran away. Jeffery gave chase for a brief period but stopped when the shorter man turned and pointed the gun at Jeffery. The next day, the police were able to use a phone-tracking application to locate Jeffery's phone. The police tracked the phone to a residence in Davenport. The defendant was arrested at the residence. Jeffery identified the defendant in a photo array. Another witness placed the defendant in the area immediately prior to the time of the robbery.

When the evidence is viewed in the light most favorable to the State, we conclude there is substantial evidence in support of the verdict. One of the victims identified the defendant in a photo array, and another witness identified the defendant as being in the area immediately prior to the robbery. *See State v. Brown*, No. 13-0456, 2014 WL 2600221, at *2-3 (Iowa Ct. App. June 11, 2014) (affirming robbery conviction where identity was at issue and defendant was identified by witnesses in a photo array); *State v. Swift*, No. 10-1712, 2012 WL 4099163, at *1 (Iowa Ct. App. Sept. 19, 2012) (affirming conviction where identity was at issue and witness identified the defendant in a photo array). The shorter man wielded a handgun during the robbery, placed it against one of the victim's heads, and demanded the victims' money and personal items. *See* Iowa Code § 702.7 ("Dangerous weapons include but are not limited to any offensive weapon, pistol, revolver, or other firearm"); Iowa Code § 714.1 (stating a person commits theft when the person "[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof"); *State v. Buchanan*, No. 13-1999, 2015 WL 162028, at *2-3 (Iowa Ct. App. Jan. 14, 2015) (affirming robbery conviction where defendant brandished gun, stated, "This is a stickup," and aider and abettor took the victim's money); *State v. Kang*, No. 06-2115, 2007 WL 3087228, at *2 (Iowa Ct. App. Oct. 24, 2007) (affirming robbery conviction and concluding demands for money and threatening gestures are substantial evidence of specific intent to commit theft and putting another in fear of serious injury). The defendant actively participated in the robbery. *See State v. Hearn*, 797 N.W.2d 577, 580 (Iowa 2011) ("To sustain a conviction under a theory of aiding and abetting, the record

must contain substantial evidence the accused assented to or lent countenance and approval to the criminal act by either actively participating or encouraging it prior to or at the time of its commission."); *State v. Johnson*, 162 N.W.2d 453, 455 (Iowa 1968) (noting where the evidence reveals multiple participants in a robbery are acting in concert, our case law has held "the conduct of one accomplice is attributable to all."). A jury could infer from the evidence that Baynes created a distraction and caused one of the victims to stop when the defendant asked for a cigarette. The robbers gathered the items from the ground. They then fled together after the robbery. *See Hearn*, 797 N.W.2d at 581 ("Evidence of a defendant's presence, companionship, and conduct before and after the offense is committed may be enough from which to infer a defendant's participation in the crime."). The victim's phone was found the next day at a residence, and the defendant was arrested at the residence. A reasonable jury could infer the defendant's guilt from these facts.

We next address Baynes's claim his trial counsel provided constitutionally deficient representation. We review ineffective-assistance-of-counsel claims de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Ineffective-assistance-of-counsel claims are normally preserved for postconviction relief actions. *State v. Wills*, 696 N.W.2d 20, 22 (Iowa 2005). This is "particularly true where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues." *State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999). On direct appeal, we will only resolve claims when the record is adequate. *Clay*, 824 N.W.2d at 494. The record is adequate to resolve Baynes' claim on direct appeal.

Baynes contends his counsel rendered ineffective assistance by failing to file a motion for a new trial on the ground the verdict was contrary to the evidence. *See* Iowa R. Crim. P. 2.24(2)(b)(6) (allowing a defendant to seek new trial when the verdict is contrary to the law or evidence). Contrary to the evidence means contrary to the weight of the evidence. *See State v. Reeves*, 670 N.W.2d 199, 201 (Iowa 2003). "Unlike the sufficiency-of-the-evidence analysis, the weight-of-the-evidence analysis is much broader in that it involves questions of credibility and refers to a determination that more credible evidence supports one side than the other." *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006). "The granting of a new trial based on the conclusion that a verdict is against the weight of the evidence is reserved for those situations in which there is reason to believe that critical evidence has been ignored in the fact-finding process." *State v. Grant*, 722 N.W.2d 645, 648-49 (Iowa 2006). The district court has broad discretion in ruling on a motion for new trial. *See id.* at 648.

On de novo review, there is no reason to believe the jury ignored critical evidence or that its verdict is against the weight of the evidence. Baynes' counsel had no duty to file a meritless motion. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). Further, there has been no showing of *Strickland* prejudice.

Finally, Baynes contends his sentence is illegal. We review the defendant's sentence for the correction of legal error. *See State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014). To the extent the defendant raises constitutional challenges to his sentence, our review is de novo. *See id.* Article I, section 17, of the Iowa Constitution provides "cruel and unusual punishment shall not be

inflicted." In 2014, the supreme court held this clause prohibits the imposition of a mandatory minimum sentence on a person under eighteen years of age. *See Lyle*, 854 N.W.2d at 400. The supreme court held that an individualized sentencing hearing is required "so a judge can at least consider a sentencing option other than mandatory minimum imprisonment." *See id.* at 403. The supreme court held its decision was retroactive, requiring "all juvenile offenders who are in prison under a mandatory minimum sentence to be returned to court for resentencing." *See id.* Baynes contends the district court imposed sentence without holding an individualized sentencing hearing as required by *Lyle*. The State concedes the error. We thus vacate the defendant's sentence and remand this matter for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.**